**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Graciela T. DOMINGUEZ, Plaintiff,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION; et al., Defendants.**

**MDL No. 1038.**
**No. 1: 95 CV 5053.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1995.

Frank Herrera, Jr. and Adam Poncio of Law Offices of Frank Herrera, Jr., San Antonio, TX, for plaintiff.

John R. Henderson, Marilyn S. Mollet of Vial, Hamilton, Koch & Knox, Dallas, TX, for defendant.

*MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS DOW CORNING FRANCE SA*

SCHELL, Chief Judge.

Before this court is the motion of Defendant Dow Corning France SA ("Dow") to dismiss for lack of personal jurisdiction. Additionally, Dow filed the declaration of Ian Thackwray pursuant to 28 U.S.C. § 1746 in support of its motion. Plaintiff did not file a response. The pending motion by Dow is similar to the motions filed by Dow and other defendants in companion Norplant cases. Further, the pending motion by Dow does not raise any arguments not previously raised in the motions in the companion cases.

By order dated May 12, 1995, the court denied the similar motions. *In re Norplant Contraceptive Prods. Liab. Litig.*, 886 F.Supp. 592 (E.D.Tex.1995). Although the declaration filed by Dow in support of the pending motion does include more statements than the declaration supporting the motions in the companion cases, these additional statements do not refute this court's holding with respect to those previous motions. Moreover, the additional statements are generally nothing more than legal assertions by the general manager of Dow, and therefore provide no assistance to the court in determining the merits of the pending motion. As a result, this court adopts its previous holding from the companion cases insofar as it denies the motion of Dow to dismiss for lack of personal jurisdiction. Therefore, upon consideration of the motion, affidavit, and attached memoranda of law, the court is of the opinion that the motion should be DENIED.